UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY SCUDDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 12-807 (BEH) |
| | ) |
| CENTRAL INTELLIGENCE AGENCY | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____) | |

REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

Preliminary Statement

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2006 & Supp. IV 2010), in which plaintiff seeks access to 1,927 specific *Studies in Intelligence* articles maintained by the Central Intelligence Agency ("CIA" or "the Agency") in an electronic format.  In response to plaintiff's request, the Agency advised plaintiff that it could not readily generate the articles in the requested format and that it could only produce paper copies of any non-exempt responsive material.  On June 11, 2013, plaintiff filed a motion for summary judgment on the issue of reproducibility.   On July 19, 2013, the CIA opposed plaintiff's motion for summary judgment and cross-moved for summary judgment.  In its motion and accompanying declaration, the CIA showed  that the records at issue are not "readily reproducible" in an electronic format due to the significant security measures in place at the Agency designed to protect classified material and that no material facts remain in dispute as to the issue of reproducibility.  On September 16, 2013, plaintiff filed his reply to defendant's opposition and cross-motion for summary judgment [hereinafter Pl.'s Reply] [ECF. No. 21] and

2

submitted a second declaration written by plaintiff [hereinafter Supp. Scudder Decl.] [ECF No. 23-1]. The CIA now files this reply

Based upon the CIA's opposition and cross-motion for summary judgment; the Declaration of Martha Lutz, Chief, Litigation Support Unit, CIA [hereinafter Lutz Decl.] [ECF No. 14-3]; and the Supplemental Declaration of Martha Lutz [hereinafter Supp. Lutz. Decl.], filed herewith; the entire record herein; and for the reasons set forth below, the CIA respectfully submits that plaintiff's arguments are entirely without merit. Because there are no genuine issues of material fact, the Agency's motion for summary judgment on the issue of reproducibility should be granted pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the same reasons, plaintiff's motion for discovery and/or an evidentiary hearing should be denied.

Argument

Plaintiff's Narrow Reading of the Choice of Format Provision
Is Not Supported by the Plain Language of the Statute or by Congressional Intent

The FOIA's reproducibility requirement states that "an agency shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format." 5 U.S.C. § 552(a)(3)(B). Plaintiff's contention that the term "readily reproducible" equates to nothing more than the mere technical capability of an agency is insupportable and contravened by both the plain language of the statute and the legislative history of the Electronic Freedom of Information Act Amendments of 1996 ("E-FOIA") -- the legislation which added the choice of format provision to the FOIA. The plain wording of the reproducibility provision and Congress' express intent make clear that burden, resources, and reasonableness are factors that an agency may consider when determining whether a record is

3

"readily reproducible" in a particular format. The provision also evinces Congress' intent that an agency's affidavits regarding reproducibility are to be accorded "substantial weight."

Plaintiff's reading of the reproducibility provision is misguided and runs contrary to accepted principles of statutory interpretation. The Supreme Court has held that "if it can be prevented, no clause, sentence or word shall be superfluous," *Duncan v. Walker*, 533 U.S. 167, 174 (2001), and has underscored that "when interpreting a statute we give the words their ordinary, common meaning." *Williams v. Taylor*, 529 U.S. 420, 431 (2000). Yet, plaintiff's reading of the statute would give no effect to the adjective "readily" in the FOIA's reproducibility provision. The word "readily," as defined by the Oxford English Dictionary, means "without much difficulty" or "easily." Read in conjunction with the remainder of the provision, it would logically follow that that an Agency must provide records in a format specified by a requester in instances when it can easily do so or, in other words, where the production is not unduly burdensome or onerous.

The legislative history of the reproducibility subpart likewise supports this interpretation. The U.S. House of Representatives Report authored by the Committee on Government Oversight explains that the purpose of the choice of format provision in the E-FOIA was to require agencies to "make a *'reasonable effort'* to comply with requests to furnish information in other formats." Comm. on Gov't Reform & Oversight, *Elec. Freedom of Info. Amendments of 1996*, H.R. REP. NO. 104-795, at 18 (1996) (hereinafter "House Report") (emphasis added). This sentiment is echoed by the U.S. Senate Report compiled by the Committee on the Judiciary, which explains that the reproducibility subsection "directs agencies to make *reasonable efforts* to honor the format requests of the requesters." Comm. on the Judiciary, *Elec. Freedom of Info.*

*Improvement Act of 1995*, S. REP. NO. 104-272, at 14 (1996) (hereinafter "Senate Report") (emphasis added). Additionally, the Senate Report recognized that this "'reasonable efforts' qualification" in some instances "could relieve the agency of the requirement if it would prove onerous." *Id*. For example, "the 'reasonable efforts' qualification could relieve agencies of the obligation of releasing the original form of a partially exempt record in circumstances where agencies need to handle records in a certain form for purposes of redaction and, therefore, cannot readily disclose them, as redacted in a previously existing form." *Id.* at 15.

Both Congressional reports emphasize that the determination as to reproducibility is left to the Agency. The Senate Report provides that "[a]s a general rule, the decision whether to disclose requested records or information in a new requested form, whether electronic or other form, is a matter of administrative discretion." *Id*. at 14-15. The report adds that "[i]n exercising that discretion, agencies should consider administrative efficiency and the existence of identified public demands for the information." *Id*. at 15.[1] The House Report explains that an agency's determination as to this issue is to be accorded "substantial weight" and notes that "[t]his deference is warranted because agencies are the most familiar with the availability of their own technical resources to process, redact, and reproduce records." House Rep. at 22. Both reports demonstrate that Congress considered burden and agency resources when adding the choice of format provision to the FOIA and, additionally, that it gave deference to agencies in their assessments as to whether compliance with a requester's format preference is possible.

---

[11] In this case, the CIA has already made the vast majority of the *Studies in Intelligence* articles that are the subject of plaintiff's request available on the CIA's public website and at the National Archives and Records Administration. *See* Supp. Lutz Decl. ¶ 3 n.1.

The CIA's Declarations, Which Are Entitled to Substantial Deference,
Adequately Establish that the Requested Records Are Not "Readily Reproducible"

In this case, the CIA has demonstrated that the production of records in an unclassified electronic format cannot be accomplished using "reasonable efforts" and, in fact, would be excessively burdensome because of the requisite security measures in place to protect against the unauthorized release of classified material.  As Ms. Lutz explains, CIA information technology is designed to create a strict separation between the classified and unclassified environments in order to protect against the unauthorized disclosure of classified information.  *See* Lutz Decl. ¶¶ 7-9.  One of the CIA's fundamental missions is to protect national security secrets.  The Wikileaks disclosures and the damaging theft of national security information from the National Security Agency underscore the need for vigilance and robust security measures where access to and transmission of classified material are concerned.  *See* Lutz Decl. ¶ 16; Supp. Lutz Decl. ¶ 7. The same security features that are designed to restrict the flow of information about sensitive intelligence sources and methods from the classified to the unclassified environment also impede the ability to easily move unclassified material that resides on the classified system to the public realm.  *See* Lutz Decl. ¶ 16.

The CIA's data transfer program serves as the means for the Agency personnel to effect discrete transfers of unclassified records across this divide.  *See* Lutz Decl. ¶¶ 10-11.  That data transfer function is designed to transfer mission critical records and does not have the resources or procedures to accommodate the volume of records that are involved in the information release programs, such as the FOIA.  *See* Lutz Decl. ¶¶ 3, 11.  Each data transfer requires multiple time-consuming and costly steps that effectively make creating electronic versions of records for unclassified use an onerous and burdensome process.  Further, because the number of data

transfer officers is specifically limited by Agency regulation to only three percent of the workforce, their workload is devoted to mission critical transfers, and they cannot shoulder the burdens that would be imposed by the CIA information release programs. *See* Lutz Decl. ¶ 12; Supp. Lutz Decl. ¶ 7. The 19,000 pages of records at issue in this case would be exceptionally burdensome for the Agency to produce if it were required to generate them in an unclassified electronic format. *See* Lutz Decl. ¶ 13; Supp. Lutz Decl., Ex. A.

Plaintiff's Declaration, Which Is Not Based on
<u>Personal Knowledge, Should Be Accorded No Weight</u>

Plaintiff's declarations, which are based on conjecture and inadmissible hearsay, in no way call into question the good faith affidavits submitted by the Agency. Although plaintiff objects to being referred to as an "end user" of CADRE, he offers no support for his assertion that he possesses a "deep[ ] knowledge of [that] technology." Supp. Scudder Decl. ¶ 6. Moreover, his general technical knowledge cannot serve as a substitute for personal knowledge of CADRE, which is a proprietary system specifically designed for the Agency. *See* Supp. Lutz Decl. ¶ 4. Plaintiff was not involved with the support, design or development of CADRE and would have had no knowledge of its security and design controls or the business processes involved with the system. *See id*. at 4 & Lutz Decl. ¶ 6. Nor can plaintiff's informal "interactions" with contractors and "very senior technical support staff" during his time at the Agency form the basis for his "first-hand" "knowledge of the system's capabilities and how it works." Supp. Scudder Decl. ¶ 6. As Ms. Lutz explains, those interactions "would have been informal and were not part of his job responsibilities." Supp. Lutz Decl. ¶ 4.

Similarly, plaintiff has no particular insight or expertise into the security measures of the CIA. *See id*. ¶¶ 4-8. Although he has held different positions with the Agency, none would

have provided him with the background needed to speak knowledgeably about the subject of information releases in the FOIA context or about the security measures and requirements underlying the DTO process. *See id.* To the extent that plaintiff's most recent declaration gives the impression that there are issues of material fact in dispute, Ms. Lutz's supplemental declaration clarifies these points. Plaintiff's assertions about DTO personnel and training, use of personal workstations for DTO purposes, resources involved, and other aspects of the program are simply not correct, and his assessments of Agency business processes and security protocols are uninformed and based on supposition. *See* Supp. Lutz Decl. ¶¶ 4-9. Ms. Lutz's earlier declaration discussed the reasons that the methods proposed by plaintiff whereby records are transferred in their native format from CADRE to an unclassified medium are not reasonably feasible. *See* Lutz Decl. ¶¶ 12-16. To the extent that plaintiff maintains in his most recent declaration that one could conceivably construct a workaround to abbreviate the DTO process, Ms. Lutz explains that such a method would violate security protocols. *See* Supp. Lutz Decl. ¶ 9. As such, plaintiff's supplemental declaration, as well as his initial one, should be accorded no weight on the basis that he lacks the personal knowledge necessary to support his claims and are insufficient to create a genuine issue of material fact.

<u>Plaintiff's Interpretation of the Provision Is Not Supported by Case Law</u>

Lastly, plaintiff cites *Sample v. Bureau of Prisons*, 466 F.3d 1086 (D.C. Cir. 2006), for the proposition that records are required to be made available if the government agency has the mere capacity to do so. However, his reliance on that case is misplaced. In *Sample*, the D.C. Circuit did not have cause to interpret the FOIA's choice of format provision because the agency's ability to readily produce the requested records in an electronic format was not in

question. Rather, in that case, the Federal Bureau of Prisons had argued that the FOIA's choice of format provision was inapplicable to an inmate-requester because a prison regulation restricted his ability to possess the record in the format requested, *i.e.*, a compact disc, and to access that disc on a prison computer workstation. There, the D.C. Circuit referenced the agency's "technical capacity" to produce the records electronically, which was not in dispute, in order to distinguish it from the "characteristics of the requester" *i.e.*, his status as a federal inmate subject to prison regulations, a factor which the court found is not contemplated by the reproducibility provision. *Id.* at 1088. Accordingly, the D.C. Circuit's decision should not be read to broadly hold that the "readily reproducible" standard merely takes into account technical feasibility and not the burden or resources of an agency. That issue was not before the court.

Plaintiff also claims that in another FOIA case, *National Security Counselors v. CIA*, Civil Action No. 11-443 (D.D.C.) (BAH) __ F. Supp. 2d___, 2013 WL 4111616 (D.D.C. Aug. 15, 2013), which is currently pending before this Court, this Court "already rejected" the arguments proffered here. Pl.'s Reply at 4. But, this Court has not yet made a final determination with respect to the issue of reproducibility. Rather, the Court found that the CIA did not specifically move for summary judgment on this issue, and that its declarations failed to resolve factual disputes and questions concerning the reproducibility issue. In contrast, the CIA's supplemental declaration filed in this case clarifies any lingering questions regarding the processes and burdens involved in its production of records in an unclassified electronic format. *See* Supp. Lutz Decl. & Ex. A.

Plaintiff makes much of the second sentence of the reproducibility provision, which was referenced by this Court in its memorandum opinion in the *National Security Counselors* case

and requires that "[e]ach agency shall make reasonable efforts to maintain its records in forms or formats that are reproducible for the purposes of this section." 5 U.S.C. § 552(a)(3)(B). However, there is no indication that this provision creates an enforceable right, particularly in case such as this one, where plaintiff presents no evidence to demonstrate that the CIA has failed to meet this obligation. Additionally, this provision does not impose the extreme requirement that agencies rearrange their records systems for the purposes of fulfilling the format preferences of FOIA requesters. Rather, courts have consistently recognized that "'an agency is not required to reorganize [its] files in response to [a plaintiff's] request in the form in which it was made.'" *Solar Sources, Inc. v. United States*, 142 F.3d 1033, 1038 (7th Cir. 1998) (quoting *Church of Scientology v. IRS*, 792 F.2d 146, 150-51 (D.C. Cir. 1986)). In considering a challenge brought under 5 U.S.C. § 552(a)(3)(B), a court in this district has held that an agency was not in violation of the readily reproducible subsection of the FOIA where it failed to retain electronic copies of e-mails and instead only maintained them in paper form. *Landmark Legal Found. v. EPA*, 272 F. Supp. 2d 59 (D.D.C. 2003). The *Landmark* court underscored that the "FOIA does not require an agency to reorganize its files in anticipation of or in response to a FOIA request" and found that an "agency may keep its files in a manner best designed to suit its internal needs." *Id*. at 63. Here, the same national security considerations that govern the Agency's determination regarding reproducibility underlie the CIA's ability to "maintain its records in forms or formats that are reproducible." Namely, the nature of the CIA's intelligence mission dictates that its work be conducted behind a classified wall. *See* Lutz Decl. ¶¶ 8-9, 16; Supp. Lutz Decl. ¶ 3 & Ex. A.

10

As the foregoing demonstrates, the reproducibility provision specifically permits an agency to consider burden, resources, and security procedure when deciding whether it can fulfill a requester's preference of format. Here, the CIA has explained why the regulations and significant internal controls designed to protect against the unauthorized disclosure of sensitive national security information have lead to its determination that it cannot "readily reproduce" the records at issue in an electronic format. Further, the FOIA gives an agency latitude in this determination and does not require it to undertake the extraordinary measures that would be required in this case in order to comply with the requester's stated preference of receiving the records in an electronic format.

<u>There Is No Basis for Discovery and/or an Evidentiary Hearing in this Case</u>

"'Discovery in FOIA cases is rare and should be denied,'" in cases such as this one, where "'an agency's declarations are reasonably detailed, submitted in good faith and the court is satisfied that no factual dispute remains,' and there is no evidence of 'bad faith' on the agency's part." *See Cooper v. U.S. Dep't of Justice,* 890 F. Supp. 2d 55, 65 (D.D.C. 2002) (quoting *Baker & Hostetler LLP v. U.S. Dep't of Commerce*, 473 F.3d 312, 318 (D.C. Cir. 2006), in turn, quoting *Schrecker v. U.S. Dep't of Justice*, 217 F. Supp. 2d 29, 35 (D.D.C. 2002) ). The declarations provided by an agency are accorded a presumption of good faith and, in this instance, are entitled to "substantial weight." 5 U.S.C. 552(a)(4)(B). Here, the CIA has provided two affidavits describing in great detail the security measures and the processes that would be necessary in order to reproduce records in an unclassified electronic format. As previously discussed, plaintiff's declarations are based on conjecture, hearsay and uninformed opinion, and should be accorded no weight. He lacks personal knowledge of the subject matter

he discusses and, as such, in no way calls into question the factual or good faith basis of the declarations submitted by the Agency, which are entitled to substantial weight.  In addition, there are no questions of material fact as to the necessity of the CIA's information security policies.  Plaintiff's questions as to propriety of the existing security measures and his speculation that his alternate proposals would serve as a more effective means for releasing information are ultimately immaterial and are not grounds for discovery or a hearing particularly in light of the substantial deference that is to be accorded agency declarations.  Accordingly, the CIA respectfully submits that this matter can be resolved based upon the existing record and that neither discovery nor an evidentiary hearing are warranted.

Conclusion

For the reasons set forth above, and based upon the entire record herein, defendant respectfully submits that its motion for summary judgment as to the issue of reproducibility should be granted and that plaintiff's motion for summary judgment and, in the alternative, for discovery and/or an evidentiary hearing should be denied.

Respectfully submitted,

RONALD C. MACHEN Jr., D.C. Bar #447889
United States Attorney


DANIEL F. VAN HORN
D.C. Bar # 924092
Civil Chief

By:   /s/ Rhonda C. Fields
       RHONDA C. FIELDS
       Assistant United States Attorney
       Civil Division

12

555 Fourth Street, N.W.
Washington, D.C.  20530
202/252/2555
Fax:    202/252/2599
rhonda.fields@usdoj.gov