UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JEFFREY SCUDDER | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 12-807 (BAH) |
| CENTRAL INTELLIGENCE AGENCY | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S REPLY TO OPPOSITION TO HIS
MOTION FOR PARTIAL SUMMARY JUDGMENT
REGARDING THE DEFENDANT'S FEE WAIVER DENIAL
AND ELECTRONIC RECORD PRODUCTION COSTS**

In this lawsuit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq., plaintiff Jeffrey Scudder ("Scudder") challenges the assertion of defendant Central Intelligence Agency ("CIA") that it can charge the same reproduction fees irrespective of whether it produces records electronically or in paper format.

The CIA has informed Scudder that "[t]o the extent that the Agency is required by the court in the course of this litigation to make these records available electronically, due to the nature of the duplication process, the above fees would still apply and additional costs for the CDs would be assessed." Memorandum of Points and Authorities in Support of Plaintiff's Motion for Summary Judgment on Electronic Production of Requested Record or Alternatively for Discovery and/or an Evidentiary Hearing (filed June 11, 2013, Dkt 9), at Exhibit "3". In his Memorandum of Points and Authorities in Support of Plaintiff's Motion for Partial Summary Judgment Regarding the Defendant's Fee Waiver

Denial and Electronic Record Production Costs (filed September 16, 2013, Dkt 22)[1],

Scudder offered the following arguments:

- CIA has failed to document its "actual" or "direct" costs as those terms are used in FOIA with respect to electronic production of records. 5 U.S.C. § 552(a)(4)(A)(iv); OMB Fee Guidelines, 52 Fed. Reg. at 10,017-10,018;

- CIA's own governing FOIA regulations fail to support the asserted position and only discuss an insignificant fee for a copy of a CD. 32 C.F.R. § 1900.13 (g); and

- CIA should have little to no "actual cost" associated with electronic reproduction of the requested articles because, per a declaration from Scudder which is based on personal knowledge, every single responsive document has already been scanned in to CIA's computer systems.

In response CIA offers little other than to simply argue that "OMB Guidelines clearly contemplate passing along to the requester the actual direct costs incurred by the agency in the course of fulfilling a FOIA request." Defendant's Opposition to Memorandum of Points and Authorities in Support of Plaintiff's Motion for Partial Summary Judgment Regarding the Defendant's Fee Waiver Denial and Electronic Record Production Costs and Cross-Motion for Partial Summary Judgment as to Fees at 14 (filed November 22, 2013, Dkt 30). It then adopts statements made by its declarant, which are contradictory to those placed before the Court by Scudder who, contrary to CIA's declarant, actually possesses personal knowledge. The CIA's declarant allegedly describes the process that would be undertaken by the agency to produce electronic records and offers the summary conclusion that "the assessed amount would still fail to recoup the full direct costs of

---

[1] As noted in his contemporaneous filing of Plaintiff's Notification of Partial Withdrawal of Parties' Cross-Summary Judgment Motions Pertaining to Defendant's Fee Waiver Denial (filed January 31, 2014), there is no longer a dispute between the parties regarding a fee waiver. The only remaining issue is that of whether CIA can, and at what amount, assess reproduction costs for records released in electronic format.

2

producing records in an electronic format. Accordingly, the CIA's fee assessment is eminently reasonable." Id. at 14-15.

Scudder, as well as his attorneys (who collectively have been handling FOIA cases for nearly 30 years), are unaware of even one other federal agency who takes the same position as CIA with respect to production of electronic records. Every other known agency simply charges, if anything, a fee for the cost of the CD-ROM (usually $10 - $15) and never seeks to apply the same reproduction costs as if it were printing paper copies.

Before CIA should be permitted to act differently than all other agencies and treat the reproduction of electronic records no different than paper copies, it should be required to factually demonstrate its "actual" or "direct" costs. After all, when reviewing adherence to the requirements of FOIA the courts have made it clear that they will not accord deference to agency interpretations. See Al Fayed v. CIA, 254 F.3d 300, 307 (D.C. Cir. 2001)(declining deference because FOIA's terms apply government-wide); Tax Analysts v. IRS, 117 F.3d 607, 613 (D.C. Cir. 1997)( 1997)("…[W]e will not defer to an agency's view of FOIA's meaning" because "no one federal agency administers FOIA" and "one agency's interpretation of FOIA is therefore no more deserving of judicial respect than the interpretation of any other agency").

Because it has yet to do so even when directly challenged, Scudder would be more than willing to engage in discovery on this issue in order to obtain the necessary facts for the Court to consider in determining its final position. There is ample precedent for discovery in FOIA cases where factual questions are at issue. See e.g. Renegotiation Bd. v. Grumman Aircraft Engineering Corp., 421 U.S. 168, 181 (1975)(plaintiff permitted to depose agency official regarding question of whether documents at issue were final

agency opinions); Tax Analysts v. IRS, 214 F.3d 179, 185 (D.C. Cir. 2000)(discovery necessary to develop factual record); Schaffer v. Kissinger, 505 F.2d 389, 391 (D.C. Cir. 1974)(reversing and remanding district court's summary judgment with instructions that plaintiffs be permitted to undertake discovery relating to whether records in question had been "properly classified"); Cooper v. Dep't of Navy, 558 F.2d 274 (5th Cir. 1977), modified, 594 F.2d 484, 486 (1979), cert. denied, 444 U.S. 926 (1979)(FOIA plaintiff permitted depositions of Navy personnel to determine extent of distribution of secret Navy); Sun-Sentinel Co. v. DHS, 431 F. Supp. 2d 1258, 1276 (S.D. Fla. 2006) (evidentiary hearing needed to determine whether agency's claim of significant interference relates to agency's "inability . . . to search for these records or to produce these records").

 The core purpose of FOIA was to contribute to the public's understanding of government operations and activities. See Consumers' Checkbook, Ctr. for the Study of Servs. v. HHS, 554 F.3d 1046, 1052 (D.C. Cir. 2009). It would appear contrary to the very spirit and intent of the statute to permit the CIA to frustrate that core purpose through administrative gimmicks designed to impose unreasonable financial burdens upon requesters. Respectfully, if the CIA wishes this Court to conclude that its fee assessment is reasonable, it should be made to demonstrate with in-depth and substantiated detail the bases for its estimates.

 For the foregoing reasons, Scudder's Motion for Partial Summary Judgment Regarding Electronic Record Production Costs should be granted or, alternatively, denied without prejudice pending completion of discovery with respect to the actual costs associated with the CIA's production of electronic records.

Date: January 31, 2014

                Respectfully submitted,

                /s/
                _____
                Bradley P. Moss, Esq.
                D.C. Bar #975905
                Mark S. Zaid, P.C.
                1250 Connecticut Avenue, N.W.
                Suite 200
                Washington, D.C. 20036
                (202) 454-2809
                (202) 330-5610 fax
                Brad@MarkZaid.com